UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RICHARD S. GALLINA** and **HORNE BROTHERS CONSTRUCTION, INC.,**

    Plaintiffs,

v.                                    CASE NO. 8:06-CV-1529-T-27EAJ

**COMMERCE AND INDUSTRY INSURANCE** and **COMMERCIAL UNION INSURANCE CO.,**

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This comes before the Court on **Plaintiffs' Motion for Leave to Add a Prayer for Punitive Damages and Serve Punitive Damages Discovery Against Defendant Commerce and Industry Insurance** (Dkt 57) and **Defendant Commerce and Industry Insurance's Response in Opposition** (Dkt. 81). These matters have been referred by the District Judge for a report and recommendation (Dkt. 85).

**I.    Background Facts**[1]

Plaintiffs Richard S. Gallina ("Gallina") and Horne Brothers Construction, Inc. ("Horne") bring this action for declaratory action, breach of contract, and common law insurer bad faith against Commerce and Industry Insurance ("Commerce"), Horne's primary insurer, and Commercial Union Insurance Co. ("Commercial"), Horne's excess carrier. The claims arise out of a serious workplace

---

[1] These facts are taken from **Plaintiff's Motion to Add a Prayer for Punitive Damages** and Defendant's response thereto (Dkts. 57, 81).

injury suffered by Gallina in 2001 while he was employed by Horne. Plaintiffs allege that Commerce breached its coverage obligations and fiduciary duties of good faith in its handling of the claims and defense of Horne in connection with Gallina's personal injury action against Horne.

After Gallina filed the underlying tort suit against Horne, Commerce retained counsel to represent Horne's interests. Horne's excess liability carrier, Commercial, denied any coverage regarding Gallina's claims and did not participate in the litigation or mediation. Approximately one month prior to mediation, and in response to a request by Horne for a position statement on coverage issues, Commerce sent a reservation of rights letter to Horne. The letter reserved Commerce's rights under the policy to deny coverage in the event that Gallina's allegations of intentional wrongdoing by Horne were proven at trial, thus triggering the policy's intentional injury exclusion. Commerce withdrew its reservation of rights at or about the time of mediation, but maintained a position that it would not indemnify Horne for any punitive damages that might be awarded.

During mediation, Horne and Gallina focused their negotiations on formation of an agreement that called for Commerce's partial funding of a compensatory consent judgement against Horne, but on terms that would protect Horne's corporate assets. In exchange, Horne would prosecute in trust for Gallina against Commercial for the remainder of the judgment amount. After Commerce refused to pay its coverage limits of $1,000,000 Plaintiffs asked Commerce to contribute $500,000 towards the first million dollars of the compensatory judgment. Commerce rejected this demand but granted Horne's defense counsel authority up to $300,000 to settle the case. When counsel for Gallina insisted that Gallina would not accept less than $500,000, Commerce began negotiating directly with Gallina's counsel. During these communications, counsel for Commerce told Gallina that Commerce would not pay more than $200,000.

After negotiations reached an impasse, Gallina informed Horne that he was proceeding to trial and would seek compensatory and punitive damages against Horne. Horne then rejected co-defense by Commerce and proceeded with settlement negotiations through independent personal counsel. Thereafter, Horne and Gallina entered a joint stipulation and agreement providing for entry of a consent judgment against Horne in the amount of $5,000,000 in compensatory damages and $2,000,000 in punitive damages, with full protection of Horne's assets other than its insurance rights. Plaintiffs then brought the present suit, contending that Defendants are liable for those judgments.

In the current motion, Plaintiffs seek to add a prayer for punitive damages against Commerce and to serve related punitive damages discovery. Plaintiffs allege that Commerce's course of conduct related to the handling of the claims against Horne exhibits a willful, wanton, and reckless disregard for the interests of its policyholder, Horne. In support of their punitive damages claim, Plaintiffs provide evidence that Commerce refused to make Horne's full policy limits available for settlement even though its own internal correspondence reflected that the case had been valued at between five million and fifteen million dollars and that Commerce had described Horne's conduct as "negligent, possibly even criminally negligent" (Dkt. 57 at 3-4). Plaintiffs also submit evidence that Commerce knew at the time it issued the reservation of rights letter "that it was without any basis" (Id. at 3). Plaintiffs further allege that Commerce's reservation of rights letter and "low-ball" negotiations with Gallina were designed to "falsely and fraudulently reduce the amount that it would have to contribute toward any settlement" (Id. at 3, 6). Finally, Plaintiffs' assert that Commerce knew of Horne's significant risk of punitive damages exposure and had "an even higher fiduciary duty" to protect Horne from these non-covered losses by conducting diligent settlement negotiations (Id. at p. 5).

Relying on this proffer of evidence, Plaintiffs contend that there is a reasonable basis in fact for the assertion of punitive damages against Commerce. Plaintiffs also request an extension of the discovery deadline, which expired on September 28, 2007, to allow limited discovery in the form of interrogatories and requests for production of documents pertaining to the financial worth of Commerce (Id. at 20-21).

In response, Defendant Commerce contends that Florida Statutes § 768.72 requires a proffer of evidence showing a reasonable basis for recovery of punitive damages before financial worth discovery may be undertaken (Dkt. 81 at 3). Commerce argues that Plaintiffs have not met this evidentiary burden and the motion should be denied (Id. at 15).

## II.   Amendment of Pleadings

The Federal Rules of Civil Procedure provide that leave to amend should freely be given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The grant or denial of an opportunity to amend is within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1982). Substantial reasons justifying a court's denial of a request for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Id. "[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir.) (citations omitted), cert. dismissed, 528 U.S. 948 (1999).

Florida Statutes § 768.72 requires a party to seek leave of the court before adding a prayer for punitive damages, which should only be granted if "there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of

such damages." However, the Eleventh Circuit has held that the pleading requirements of Rule 8(a)(3) of the Federal Rules of Civil Procedure preempt Section 768.28's requirement that a plaintiff proffer evidence showing a reasonable basis for recovery. See Cohen v. Office Depot, Inc., 184 F.3d 1292, 1298-99 (11th Cir. 1999), vacated on other grounds, 204 F.3d 1069 (11th Cir. 2000). Thus, in federal diversity cases, the pleading component of Section 768.28 does not apply to requests for punitive damages. Id. at 1299.

Plaintiffs seek leave to amend their complaint to add a prayer for punitive damages. The Eleventh Circuit in Cohen stated that a federal plaintiff is not required to obtain leave of court or make a proffer of evidence before including a prayer for punitive damages. 184 F.3d at 1299. In addition, "a request for punitive damages is not a 'claim' within the meaning of [Federal Rule of Civil Procedure] 8(a)(2); it is only part of the of the relief prayed for in a claim." Id. at 1297. Thus, the pleading standards set forth in Rule 8(a)(2) need not be considered in deciding whether to allow amendment of the complaint to add the prayer for punitive damages.

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend should be freely given unless denial is justified by some substantial reason. See Foman, 371 U.S. at 182 (stating substantial bases for denial of a motion to amend).

Under Florida law, punitive damages may be recovered in a third party bad faith suit at common law. See T.D.S. Inc. v. Shelby Mut. Ins. Co., 760 F.2d 1520, 1529 (11th Cir. 1985); Dunn v. Nat'l Sec. Fire & Cas. Co., 631 So. 2d 1103, 1108 (Fla. 5th DCA 1994). As stated above, the Eleventh Circuit has established that a plaintiff who pleads punitive damages in a federal diversity action is not required to show evidence in the record to provide a basis for its demand. See Cohen, 184 F.3d at 1298-99. The plaintiff must simply comply with Federal Rule of Civil Procedure

8(a)(3), which has been held to require "a concise statement identifying the remedies and the parties against whom relief is sought." Id. at 1297 (citations omitted). Plaintiffs' motion complies with these minimal requirements and therefore Plaintiffs should be permitted to amend their complaint to add a prayer for punitive damages.

### III.     Discovery Relating to Punitive Damages

Plaintiffs further request permission to serve financial worth discovery on Defendant Commerce, in the form of interrogatories and requests for production, and seek an extension of the discovery deadline for this limited purpose (Dkt. 57 at 19-20). Plaintiffs contend that such discovery is necessary to aid the jury in determining the amount of punitive damages and granting the request will not unduly delay progression of the case. Commerce argues that Plaintiffs should be prohibited from seeking financial worth discovery unless and until they can produce evidence demonstrating a "reasonable basis for recovery of punitive damages" pursuant to the requirements of Florida Statutes § 768.72 (Dkt. 81 at 2-3).

Section 768.28 does contain a discovery component that requires the plaintiff to proffer evidence showing a reasonable basis for the punitive damages claim before the court can allow financial worth discovery to proceed. Porter v. Ogden, Newell & Welch, 241 F.3d 1334, 1340 (11th Cir. 2001). However, the Eleventh Circuit has not yet decided whether the discovery component of Section 768.28 is preempted by federal discovery rules. Id.

Although the Eleventh Circuit has not held that the heightened pleading requirements of Section 768.28 apply in federal diversity cases, district courts within the circuit have recognized the importance of the statute's protection against unwarranted financial worth discovery. See e.g. Neill v. Gulf Stream Coach, 966 F. Supp. 1149, 1155-56 (M.D. Fla. 1997) (stating that it was the

legislature's intent that Section 768.28 provide a substantive legal right not to be exposed to financial worth discovery without a prior judicial determination that a reasonable evidentiary basis exists for the claim).[2]

Unless liability for punitive damages is established at trial, the discovery sought is not relevant. In light of the proprietary nature of the financial worth information sought, and the statutory protections against discovery of such information, it is recommended that this court defer discovery of Defendant's financial records until it is deemed necessary. In order to expedite matters in the event that such information is to be presented to the jury, Plaintiffs should be allowed to serve Commerce with the limited discovery regarding financial worth that they have outlined in their motion, and Commerce should gather and preserve the information. However, Commerce should not be required to produce the requested discovery until the final pre-trial conference, or such later time as the district judge shall direct, when it becomes apparent that punitive damages can be awarded. The discovery deadline should therefore be extended for this limited purpose.

It is therefore **RECOMMENDED** that:

(1)     the **Plaintiffs' Motion for Leave to Add a Prayer for Punitive Damages and Serve Punitive Damages Discovery Against Defendant Commerce and Industry**

---

[2] Federal courts around the country remain divided as to the plaintiff's burden of proof in allowing punitive damages discovery. Some courts allow financial worth discovery without requiring the plaintiff to prove a prima facie case for punitive damages. See e.g. Caruso v. Coleman Co., 157 F.R.D. 344, 348 (E.D. Pa. 1994) (holding that defendant's financial records were relevant and discoverable on the issue of punitive damages and need not await proof of a prima facie case for such damages); Baker v. CNA Ins. Co., 123 F.R.D. 322, 329-30 (D. Mont. 1988) (same). Other courts have deferred financial discovery until after proof of punitive damages liability. See e.g. Rupe v. Forman, 532 F. Supp. 344, 350-351 (S.D. Ohio 1981) (deferring discovery of defendant's financial status until parties reach damages issue at trial). This second line of cases emphasizes the sensitive nature of the information in the determination that financial records should not be discoverable until necessary.

**Insurance** (Dkt. 57) be **GRANTED** consistent with the foregoing discussion.

**DONE** and **ORDERED** in Tampa, Florida on this 13th day of February, 2008.

*[signature]*
ELIZABETH A JENKINS
United States Magistrate Judge

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies to:
District Judge
Counsel of Record