UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RICHARD S. GALLINA and**
**HORNE BROTHERS CONSTRUCTION, INC.,**

          **Plaintiffs,**

vs.                                      Case No. 8:06-CV-1529-T-27EAJ

**COMMERCE AND INDUSTRY**
**INSURANCE and COMMERCIAL UNION**
**INSURANCE COMPANY,**

          **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by Magistrate Judge Elizabeth A. Jenkins (Dkt. 89) recommending that Plaintiffs' Motion for Leave to Add a Prayer for Punitive Damages and Serve Punitive Damages Discovery Against Defendant Commerce and Industry Insurance (Dkt. 57) be **GRANTED**. Commerce and Industry Insurance ("Commerce") has filed objections to the Report and Recommendation (Dkt. 91) and Plaintiffs have filed a response (Dkt. 92).

The district court is required to "make a *de novo* determination of those portions of the magistrate's report or . . . recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The district court may reconsider a report and recommendation where it has been shown that the magistrate's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The district court may "accept, reject or modify in whole or in part, the findings or recommendations made by

1

the magistrate." 28 U.S.C. § 636(b)(1)(C).

Contrary to Commerce's contention, the magistrate judge correctly concluded that pursuant to Eleventh Circuit precedent, a plaintiff who pleads punitive damages in a federal diversity action is not required to show evidence in the record to provide a basis for its demand. *See Cohen v. Office Depot., Inc.*, 184 F.3d 1292, 1298-99 (11th Cir. 1999), *vacated on other grounds*, 204 F.3d 1069 (11th Cir. 2000) (holding Fed. R. Civ. P. 8(a)(3) preempts Fla. Sat. § 768.28's requirement that a plaintiff proffer evidence showing a reasonable basis for recovery). When pleading punitive damages, a plaintiff must merely comply with Federal Rule of Civil Procedure 8(a)(3), which requires "a concise statement identifying the remedies and the parties against whom relief is sought." *Id.* at 1297 (citations omitted). Commerce's reliance on Florida law, specifically the evidentiary burden imposed by Fla. Stat. § 768.72, is misplaced. Plaintiffs' motion complies with the minimal pleading requirements set forth by Rule 8. Accordingly, Commerce's objections to the contrary are overruled.

Further, this Court agrees with the magistrate judge's recommendation regarding Plaintiffs' request for financial worth discovery. Plaintiffs may serve Commerce with the limited discovery regarding financial worth that they have outlined in their motion and Commerce shall gather and preserve the information. However, Commerce is not obligated to produce the requested discovery until the final pre-trial conference, or such later time, when it becomes apparent to this Court that punitive damages can be awarded.

Therefore, after careful consideration of the Report and Recommendation, Commerce's objections, and Plaintiffs' response, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and

approved in all respects.  Accordingly, it is

      **ORDERED AND ADJUDGED** that

      1)     The Report and Recommendation (Dkt. 89) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

      2)     Plaintiffs' Motion for Leave to Add a Prayer for Punitive Damages and Serve Punitive Damages Discovery Against Defendant Commerce and Industry Insurance  (Dkt. 57) is **GRANTED**.  Plaintiffs shall have sixty (60) days from the date of this Order to serve Commerce with the limited discovery regarding financial worth that they have outlined in their motion.

      **DONE AND ORDERED** in Tampa, Florida, on this 14th day of August, 2008.

                                                        JAMES D. WHITTEMORE
                                                          United States District Judge

Copies to:
Counsel of Record